UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                   :
UNITED STATES OF AMERICA            :
                                   :   Crim. No. 19-699 (NLH)
     v.                             :
                                   :
DWAYNE MODELISTE,                   :
                                   :   **OPINION**
                                   :
          Defendant.                :
_____:

**APPEARANCES**:

DWAYNE MODELISTE
#546 364-24
TERRE HAUTE
FEDERAL CORRECTIONAL INSTITUTION
INMATE MAIL/PARCELS
P.O. BOX 33
TERRE HAUTE, IN 47808

   *Pro Se*

CATHERINE RISDON MURPHY
BARBARA WARD
VINCENT D. ROMANO
OFFICE OF THE U.S. ATTORNEY
DISTRICT OF NEW JERSEY
970 BROAD STREET
NEWARK, NJ 07102

   *Counsel for the United States*

**Hillman**, **District Judge**

   Before the Court is Dwayne Modeliste's ("Defendant") Motion for Reduction of Sentence under the First Step Act, 18 U.S.C. §

3582(c)(1)(A).  (ECF 98).  For the reasons expressed below, Defendant's Motion will be denied without prejudice.

**Background**

On September 10, 2020, Defendant pleaded guilty to conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349.  (See ECF 79).  Thereafter, on April 23, 2021, this Court sentenced Defendant to a term of imprisonment of 36 months and a 3-year term of supervised release.  (See id.)  This Court ordered Defendant to pay restitution of $1,431,393.76.  (See id.)  Defendant's release date is projected to be February 27, 2024.[1]

Defendant filed the instant pro se motion on January 25, 2022.  (ECF 98).  The Government filed a letter in opposition on April 14, 2022.  (ECF 103).  The Government argues that Defendant has not exhausted his administrative remedies.  (Id. at 2-3).  Defendant's submission is silent on the issue.  (ECF 98).

**Legal Standard**

Under the First Step Act, a court may afford a defendant "compassionate release for 'extraordinary and compelling reasons.'" United States v. Sellers, 2020 WL 1972862, at *1 (D.N.J. Apr. 24, 2020) (quoting 18 U.S.C. § 3582(C)(1)(A)(i)).

---

[1] FEDERAL BUREAU OF PRISONS, FIND AN INMATE, https://www.bop.gov/inmateloc/ (last visited April 19, 2022).

Before bringing a motion for reduced sentence on their own behalf, defendants first "must ask the Bureau of Prisons (the "BOP") to do so on their behalf, give the BOP thirty days to respond, and exhaust any available administrative appeals." United States v. Raia, Civ. No. 20-1033, 2020 WL 1647922, at *1 (3d Cir. Apr. 2, 2020) (citing § 3582(c)(1)(A)). "Thus, under the First Step Act, a defendant seeking a reduction in his term of imprisonment bears the burden of satisfying both that he has (1) exhausted remedies before seeking judicial review, and (2) that compelling and extraordinary reasons exist to justify compassionate release." Sellers, 2020 WL 1972862 at *1 (citing 18 U.S.C. § 3582(C)(1)(A)).

At this second step, a court may reduce an inmate's sentence pursuant to 18 U.S.C. § 3852(c)(1)(A) "if the court finds that (1) extraordinary and compelling reasons warrant a reduction, (2) the reduction would be consistent with applicable policy statements issued by the Sentencing Commission, and (3) the applicable sentencing factors under § 3553(a) warrant a reduction." United States v. Pabon, Crim. No. 17-165-1, 2020 WL 2112265, at *2 (E.D. Pa. May 4, 2020).

**Discussion**

1. **Defendant has not satisfied the exhaustion requirements**

Defendant has not met his burden of showing that he has exhausted his administrative remedies as is his burden.

3

Sellers, 2020 WL 1972862 at *1.  In fact, Defendant makes no mention of exhausting his administrative remedies whatsoever. (ECF 98).  This is not surprising as the Government states in their opposition that the BOP does not have any record of an application by Defendant for compassionate release.  (ECF 103 at 2-3).  The failure to exhaust administrative remedies is fatal to Defendant's motion.  Brooks v. Warden of F.C.I. Fort Dix, 2009 WL 2448516, at *3 (D.N.J. Aug. 10, 2009) (noting implicitly that requiring administrative exhaustion may allow the BOP to address the defendant's claim without having to file a motion in federal court).  Therefore, the Court will not proceed to consider whether Defendant has established "extraordinary and compelling reasons" for his release or the factors under § 3553(a).

**Conclusion**

For the reasons set forth above, Defendant's Motion for Compassionate Release (ECF 98) will be denied.  Defendant may renew his motion if he so desires after exhausting his administrative remedies.

An accompanying Order will issue.


Dated: April 19, 2022                s/   Noel L. Hillman
At Camden, New Jersey                NOEL L. HILLMAN, U.S.D.J.